1

2

3

4

5

6

7

8                 **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    TYRONE DANIEL JOHNSON,                No. 2:17-CV-2017-TLN-CMK-P

12                    Petitioner,

13          vs.                             <u>FINDINGS AND RECOMMENDATIONS</u>

14    RON RACKLEY,

15                    Respondent.

16    _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.

19              On November 30, 2017, the court directed petitioner to submit either a completed

20    application for leave to proceed in forma pauperis or the full filing fee for this action within 30

21    days.  Petitioner was  warned that failure to comply may result in dismissal of this action for lack

22    of prosecution and failure to comply with court rules and orders.  <u>See</u> Local Rule 11-110.  To

23    date, petitioner has failed to comply.

24    / / /

25    / / /

26    / / /

                                          1

1    The court must weigh five factors before imposing the harsh sanction of

2    dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

3    U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

4    interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

5    the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

6    their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

7    46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

8    appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

9    See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

10   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

11   1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

12   comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

13   1260-61 (9th Cir. 1992).

14          Having considered these factors, and in light of petitioner's failure to resolve the

15   fee status for this case as directed, the court finds that dismissal of this action is appropriate.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1        Based on the foregoing, the undersigned recommends that this action be

2 dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and

3 orders.

4        These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6 after being served with these findings and recommendations, any party may file written

7 objections with the court.  Responses to objections shall be filed within 14 days after service of

8 objections.  Failure to file objections within the specified time may waive the right to appeal.

9 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11  DATED:  March 22, 2018

12

13                                  **CRAIG M. KELLISON**

                                 UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26